UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, <br> NORTH CAROLINA DEMOCRATIC PARTY, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF <br> ELECTIONS, et al., <br><br> Defendants. | 1:23cv862 |

## ORDER

Before the court is a motion to intervene as Defendants by Philip E. Berger in his official capacity as President *Pro Tempore* of the North Carolina Senate and Timothy K. Moore in his official capacity as Speaker of the North Carolina House of Representatives (Doc. 31) (the "Legislative Leaders"), and a motion to expedite consideration of that motion (Doc. 38). The Legislative Leaders represent that Plaintiffs take no position on the motion to intervene and that Defendant North Carolina State Board of Elections consents to the legislative leaders' intervention. (Doc. 32 at 3-4.) In response to this court's text order inquiring whether Plaintiffs intend to file a response to the motion to expedite, Plaintiffs state that they take no position on the Legislative Leaders' motion and do not intend to file a response. (Doc. 40.)

On timely motion, "[u]nder Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.'" Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991)).

Under Rule 24(a), the Legislative Leaders' motion is plainly timely, having been filed within one week of the filing of this action. The court focuses next on whether the Legislative Leaders have claimed an interest in the resolution of this lawsuit. The Legislative Leaders first argue that they have a significant, protectable interest in the suit, in large part because North Carolina General Statute § 1-72.2 grants them authorization to intervene in any action challenging the validity or constitutionality of an act of the General Assembly. (Doc. 32 at 7.)

A recent Supreme Court case squarely supports the Legislative Leaders' position. Berger v. N.C. State Conference of the NAACP, 142 S. Ct. 2191 (2022). In Berger, the Court observed that "[n]o one questions that States possess a legitimate interest in the continued enforce[ment] of [their] own statutes." Id. at 2201 (internal quotation marks omitted and alterations in original).

2

To vindicate that interest, some states — including North Carolina — "authorize multiple officials to defend their practical interests in cases like these." Id. at 2197. When such an allocation of authority exists, "different interests and perspectives, all important to the administration of state government, may emerge." Id. at 2201. Failure to acknowledge the interest of the Legislative Leaders would, in the Court's estimation, "turn[] a deaf federal ear to voices the State has deemed crucial to understanding the full range of its interests." Id. As such, the Legislative Leaders here have an interest in the litigation. See also Carcano v. McCrory, 315 F.R.D. 176, 178 (M.D.N.C. 2016) (allowing intervention by Legislative Leaders in lawsuit challenging act of the General Assembly).

The only remaining question concerns the adequacy of the representation. The Legislative Leaders correctly characterize their burden on this issue as "low." (Doc. 32 at 9 (citing Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)).) The Berger Court pointed out that "divided state governments sometimes warrant participation by multiple state officials in federal court." Berger, 142 S. Ct. at 2205. Here, the Legislative Leaders point to sufficient evidence to meet their low burden that the current Defendants may not adequately represent their interests. (See Doc. 32 at 11 (citing statements by the North Carolina Attorney General, whose office is representing the

3

Defendants in this action, criticizing the new law).

For these reasons,

IT IS THEREFORE ORDERED that that the Legislative Leaders' motion to expedite (Doc. 38) is GRANTED, and

IT IS FURTHER ORDERED that the Legislative Leaders' motion to intervene (Doc. 31) is GRANTED.

                                    /s/   Thomas D. Schroeder
                                   United States District Judge
November 3, 2023